

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| UPCURVE ENERGY PARTNERS, LLC, | § | No. 08-21-00156-CV |
| Appellant, | § | Appeal from the |
| v. | § | 143rd Judicial District Court |
| KURT MUENCH, LANCE MUENCH, MARK MUENCH, FRANK W. FOUTS IV, and SHEILA STIBOLT, | § | of Reeves County, Texas |
| | § | (TC# 19-09-23159-CVR) |
| Appellees. | § | |

## <u>O P I N I O N</u>

This appeal of a final summary judgment challenges the characterization of property interests conveyed to three grantees, Shirley Muench, Richard Werner, and Geraldine Fox, via a 1981 deed signed by their mother, Dorothy M. Werner. The underlying suit for trespass to try title, or alternatively, seeking a declaratory judgment, involves heirs of the original grantees, heirs of their spouses, and a successor in interest to certain of those heirs. On multiple cross motions for summary judgment, the trial court granted the motion of Appellees Kurt W. Muench, Lance A. Muench, and Mark A. Muench (collectively, the Muenches), characterizing the grantees' acquired property interests as separate property; while denying the cross motions of Appellant UpCurve Energy Partners, LLC (UpCurve), and non-appealing defendants Billie Carol Robinson Reed, James Robinson, Robert Robinson (the Robinson defendants), and Donna Ducharme, on the

characterization issue. Additionally, the trial court granted UpCurve's motion, as well as a like motion of the Robinson defendants and Donna Ducharme, claiming the original grantees acquired title as joint tenants without right of survivorship; and, related to that determination, the trial court denied the cross motion of Appellees Sheila D. Stibolt and Frank W. Fouts IV, who argued the original grantees' had acquired their joint tenancy interest with rights of survivorship. UpCurve solely challenges on appeal the trial court's grant of the Muenches motion, and the court's denial of its own motion addressing the characterization of the original grantees' interests. We reverse in part, and affirm in part, and remand to the trial court for further proceedings.

## I. BACKGROUND

For context, we begin with a brief factual and procedural recitation from our record.[1]

### A. The underlying lawsuit

On September 6, 2019, the Muenches filed an original petition against multiple defendants alleging a cause of action for trespass to try title, and alternatively, a claim for a declaratory judgment to quiet title. They alleged they were owners of certain undivided mineral interests previously owned by Dorothy M. Werner, located in and under a 160-acre tract in Reeves County, Texas (the Property). With the petition, the Muenches attached a copy of a 1981 deed signed by Dorothy, as grantor, wherein she conveyed all her property interest to her three children, Shirley Muench, Richard Werner, and Geraldine Fox (the original grantees), "not in Tenancy in Common but in Joint Tenancy." The deed recitals identified Dorothy as a widow who had not remarried, and it further provided the following granting clause:

> [F]or and in consideration of Ten and 00/100 Dollars and other good and valuable considerations [to Dorothy] in hand paid by [grantees], [has] granted, sold and conveyed, AND BY THESE PRESENTS do grant, sell and convey unto the said [grantees], not in Tenancy in Common but in Joint Tenancy, all that certain property located in the County of Reeves and State of Texas described as follows:

---

[1] Because this case includes several parties with the same surname, we use first names, from time to time, for brevity.

The Southeast one-fourth (SE ¼) of Section 28, Block C-8, Public School Land Survey, Reeves County, Texas, containing 160 acres of land.

The 1981 deed was signed by Dorothy on July 31, 1981.[2]

The Muenches each claim ownership interests from all three original grantees either based on the intestacy statute or based on an inter vivo conveyance from Geraldine Fox in July 2003. Their original petition named six individual defendants, whom we sort into three groups based on the source of their claim: (1) UpCurve is named as a party claiming an interest through subsequent conveyances from William Robinson, an heir of a grantee spouse, and James Fox, spouse of grantee Geraldine Fox; (2) the Robinson defendants are named as claiming ownership interests as heirs of Geraldine M. Werner, the surviving spouse of grantee Richard A. Werner; and (3) Sheila Stibolt and Frank W. Fouts IV are named as claiming an ownership interests based on a 2003 conveyance by Geraldine Fox. The Muenches contended the named defendants were all wrongfully asserting and withholding possession from them of certain undivided mineral interests in the subject Property. Alternatively, they sought a declaration quieting title to the mineral interest such as to establish that, by means of the 1981 deed, Dorothy gifted her interest in the Property to her three children, and this conveyance resulted in their acquisition of title as separate property, not community property. And lastly, the Muenches further requested the district court enter a declaration designating the percentage of ownership of each party, to include plaintiffs and defendants.

All the several defendants filed general denials against the Muenches claims, while UpCurve additionally included with its denial a plea of not guilty to the trespass to try title claim,

---

[2] Although the 1981 deed is titled, "QUIT CLAIM DEED," it further states, in substance, that Dorothy M. Werner binds herself, her heirs, executors, and administrators, to warrant and forever defend, all and singular, "the said premises unto [the named grantees], their heirs and assigns," against every person whomsoever, lawfully claims the same or any part thereof.

and to the extent necessary, a like plea to the claims of Fouts and Stibolt. The Muenches later filed a first amended petition adding Donna Ducharme as a defendant, claiming that an unnamed Robinson heir had conveyed his interest to her. UpCurve similarly amended its answer to include assertions of the parol evidence rule and estoppel by deed.

## B.      The parties' joint stipulation

After the initial flurry of filings, the parties filed a joint stipulation on March 16, 2020. Signed by their counsel, the joint stipulation asserted the parties agreed that Dorothy M. Werner is the common source of title to the Property at issue, and she conveyed her interest via that certain deed dated July 31, 1981. The stipulation further stated the parties' agreed that the grantees of the 1981 deed were Dorothy's children, Shirley A. Muench, Richard A. Werner, and Geraldine Fox. Additionally, without prejudice to the parties' respective contentions, they stipulated that the issues before the trial court include: (1) whether the grantees of the 1981 deed took the Property as community property with their then living spouses or as their sole and separate property, and (2) a right of survivorship attached to grantees' joint tenancy interests. The joint stipulation further explains its purpose, that is, the parties intended to confirm the common source of title, state how title passed under competing theories of the parties, and to identify the ownership percentages resulting from each theory. To that end, the joint stipulation contained three attachments identified by the letters A, B, and C, each illustrating the resulting effect of the competing theories of ownership.

Attachment A of the joint stipulation presented the Muenches theory asserting the original grantees acquired their interests as separate property. They contended that grantee Shirley Muench died intestate in 1998 and all her interest in the Property passed to her three sons, Kurt, Lance, and Mark Muench. They further contended that although grantee Richard had been married when he acquired his share, the couple never had any children. Upon Richard's passing, the Muenches

4

contended that half of his separate property passed to his wife, Geraldine M. Werner, and the other half passed to his siblings or other descendants—to include his sister and fellow grantee, Geraldine Fox, and to the three sons of his sister Shirley Muench, Kurt, Lance, and Mark. The Muenches further contended that Geraldine, the last surviving grantee, deeded her interest to Stibolt, Fouts, and the Muenches in equal shares by a deed dated July 8, 2003, which she signed and recorded before her death. They further contended that Richard's one-half intestate share passed to his wife, and she in turn passed it to her heirs, Billie, James, William, Robert, and Jerry Robinson. The Muenches further contended that William Robinson deeded his interest to UpCurve; and Jerry Robinson deeded his interest to defendant Ducharme. When all is said and done, the Muenches asserted that under the separate property characterization theory, the property interests are owned as follows:

| Theory A – Separate Property Characterization | | |
|---|---|---|
| Kurt W. Muench | Received interest through inheritance of Shirley's interest, Richard's interest, and as grantees of Geraldine's interest | 22.222% |
| Lance A. Muench | | 22.222% |
| Mark A. Muench | | 22.222% |
| Sheila Diane Stibolt | Received interest as grantees of Geraldine's interest | 8.333% |
| Frank W. Fouts IV | | 8.333% |
| UpCurve | Received its interest as grantee of William Robinson who in turn received his interest as an heir of Richard's wife | 3.333% |
| Billie Carol Robinson Reed | Received interest as heir of Richard's wife | 3.333% |
| James Robinson | | 3.333% |
| Robert Robinson | | 3.333% |
| Donna Ducharme | Received interest as grantee of Jerry Robinson who received interest as heir of Richard's wife | 3.333% |
| | | ≈100% |

Attachment B of the joint stipulation presented a theory asserted by UpCurve, the Robinsons, and Donna Ducharme. This theory asserted that grantees received the Property from Dorothy as community property. These parties stipulated that Shirley died intestate as of March 1998; while her spouse died intestate as of December 2014. They further contended that Shirley's community interest and her spouse's community interest all passed to their three sons, Kurt, Lance, and Mark Muench. As for Richard's interest, the parties contended that he was married to Geraldine M. Werner at the time of the 1981 deed. No children were born to or adopted during their marriage. Richard died intestate in November 1999, without children. Thus, his community property interest passed to his wife, Geraldine M. Werner. She never had any children, nor was she married at the time of her death. When Geraldine died intestate in 2006, the parties contended her interest passed to heirs Billie Carol Robinson Reed, James Robinson, William Robinson, Robert Robinson, and Jerry Robinson. William Robinson later conveyed his interest to UpCurve via a recorded deed; and similarly, Jerry Robinson deeded his interest to Donna Ducharme by a recorded warranty deed. As to the final grantee, these parties further contended that Geraldine Fox's interest was also received as community property and her husband, James E. Fox, Sr., shared in owning the community interest. No children were born to or adopted during the marriage of Geraldine Fox and James E. Fox, Sr. But UpCurve, the Robinsons, and Ducharme, together contended that James E. Fox's share of the community property passed to his children by a prior marriage, Ronald Allen Fox, James E. Fox, Jr., Jeffrey Charles Fox, and Larry John Fox. Each of the four Fox children then deeded their interest to UpCurve by recorded deed. As for Geraldine Fox's community interest share, she conveyed her interest to Sheila Diane Stibolt, Frank W. Fouts IV, and to the three Muenches, Kurt, Lance, and Mark, all in equal shares. As a result of these events, UpCurve, the Robinsons, and Donna Ducharme contended the breakdown of ownership interests under the community property theory was as follows:

6

| Theory B – Community Property Characterization | | |
|---|---|---|
| Kurt W. Muench | Received interest through inheritance of Shirley's interest and as grantees of Geraldine's interest | 14.444% |
| Lance A. Muench | | 14.444% |
| Mark A. Muench | | 14.444% |
| Sheila Diane Stibolt | Received interest as grantees of Geraldine's interest | 3.333% |
| Frank W. Fouts IV | | 3.333% |
| UpCurve | Received its interest as grantee of William Robinson (heir of Richard's wife) and as grantee of Geraldine's husband's heirs | 23.333% |
| Billie Carol Robinson Reed | Received interest as heir of Richard's wife | 6.666% |
| James Robinson | | 6.666% |
| Robert Robinson | | 6.666% |
| Donna Ducharme | Received interest as grantee of Jerry Robinson who received interest as heir of Richard's wife | 6.666% |
| | | ≈100% |

Attachment C presented a theory advanced by Stibolt and Fouts, asserting a right of survivorship was included in the original deed conveyance. As to the three grantees of the 1981 deed, Stibolt and Fouts contended that Shirley Muench died first, passing all her interest to Richard A. Werner and Geraldine Fox. They next contended that Richard died second, passing all his interest to Geraldine Fox. Geraldine Fox then conveyed her interest to Stibolt, Fouts, and the three Muenches, Kurt, Lance, and Mark, in equal shares. As a result, Stibolt and Fouts contended they each owned an equal 20% interest in the Property, with UpCurve and the Robinson defendants having no interest.

Because Stibolt and Fouts did not file a notice of appeal, we have no jurisdiction over their claims of ownership as joint tenants with the right of survivorship. *See* TEX. R. APP. P. 25.1(c).

Nonetheless, Stibolt and Fouts are included as appellees as no party contests that they are entitled to recover a certain share of interest in the Property, either under theory A (separate property) or under theory B (community property).

## C. The summary judgment motions

On March 16, 2020, the Muenches filed a motion for summary judgment on its trespass to try title claim asserting there was no genuine issue of material fact that the conveyance from Dorothy to her children was made as a gift; and therefore, the property was acquired by each grantee as separate property. They argued that "so long as [p]laintiffs prove that Dorothy Werner's children were the 'natural object of [her] bounty,' the general community property presumption is 'displaced' by the presumption that the 1981 [d]eed conveyed a gift." As evidence, they attached the joint stipulation (Exhibit 1), a correction quit claim deed dated April 3, 2017 (Exhibit 2), and title history documents (Exhibit 3). The correction quit claim deed was executed by Michael Lantry, on April 3, 2017. The deed indicated it corrected the original conveyance of July 31, 1981, by grantor Dorothy M. Werner. Describing the error being corrected, the deed indicated the words "with rights of survivorship" were inadvertently excluded from the original conveyance. The correction deed stated that intent to include right of survivorship language was clear from the words "not in Tenancy in Common but in Joint Tenancy." As a basis for personal knowledge to correct the original conveyance, Lantry described that he was the drafting attorney who represented Dorothy at the time of the original conveyance and he "knows what Grantor intended."

On April 27, 2020, UpCurve filed a combined response to the Muenches motion for summary judgment and a cross motion for traditional summary judgment. UpCurve argued the 1981 deed lacked any language providing for a right of survivorship, or any indication of a gift. To its motion, UpCurve attached the 1981 deed, multiple heirship documents, and the several deeds executed by the Fox heirs conveying an interest in the Property to UpCurve, as well as the

deed from Jerry Robinson to Donna J. Ducharme. UpCurve moved for the trial court to deny the Muenches motion, to grant its own motion, and to enter a take nothing summary judgment against the Muenches, as well as against Fouts and Stibolt. In the alternative, UpCurve requested the trial court to issue a partial summary judgment in its favor, finding the Property was conveyed as community property, and that the 1981 deed did not create a right of survivorship.

The Robinson and Ducharme defendants also filed a motion for summary judgment adopting UpCurve's arguments. After holding a hearing on the parties' various motions and responses, the trial court took the matters under advisement.

## D.    Trial court's judgment

On July 23, 2021, the trial court issued a letter ruling indicating it had determined that the transfer of the 160 acres in Reeves County from Dorothy to the grantees was a gift, rather than a sale. Consequently, each grantee acquired their interest as their separate property. The trial court further found the 1981 deed did not explicitly include survivorship language; and therefore, it did not transfer the Property with rights of survivorship. Based on these rulings, the trial court granted the Muenches' traditional motion for summary judgment; and denied defendants' motions and cross motions for summary judgment.

On August 11, 2021, the trial court signed a Final Summary Judgment. First, the trial court granted the Muenches motion as to the separate property issue, and otherwise it found the motion was denied. Second, as to UpCurve's and the Robinson and Ducharme defendants' motions, the trial court granted their motions as to the survivorship issue, and otherwise the motion was denied. Third, as to Frank W. Fouts IV, and Sheila D. Stibolt, the trial court denied their motion. And finally, as to the ownership of the property interests, the trial court declared that each plaintiff possesses a 22.222% undivided interest in the Property, defendant UpCurve possesses a 3.333% undivided interest in the Property, defendants Billie Carol Robinson Reed, James Robinson,

9

Robert Robinson, and Donna J. Ducharme each possess a 3.333% undivided interest in the Property, and defendants Sheila D. Stibolt and Frank W. Fouts IV, each possess an 8.333% undivided interest in the Property.

UpCurve timely filed its appeal.[3]

## II. DISCUSSION

In its sole issue, UpCurve generally asserts the trial court erred in issuing a summary judgment finding the Property is owned in the percentages stated in the final summary judgment.[4] But it also more specifically contends within this issue that the trial court erred in granting the Muenches motion for summary judgment on the issue of whether the original grantees' interests were community property or separate property, and that the trial court further erred in denying UpCurve's cross motion on the same issue.

### A. Standard of review and applicable law

#### 1. Summary judgments

We review a trial court's summary judgment de novo. *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018). In a motion for traditional summary judgment, the movant shoulders the burden of showing no genuine issue of material fact exists and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nassar v. Liberty Mut. Fire Ins. Co.*, 508 S.W.3d 254, 257 (Tex. 2017)

---

[3] UpCurve's notice of appeal indicated it was not appealing the trial court's ruling as to the survivorship issue. Stibolt and Fouts did file a pro se appellee brief whereby they discuss the right of survivorship issue. They present no argument as to the community or separate property issue. Stibolt and Fouts acknowledge they did not file a notice of appeal but request this court to reverse the trial court's decision on the right of survivorship issue. In the alternative, they request this court to remand to the trial court for a trial by jury. "A party who seeks to alter the trial court's judgment or other appealable order must file a notice of appeal." TEX. R. APP. P. 25.1(c); *see Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 737 (Tex. 2001). Accordingly, we "may not grant a party who does not file a notice of appeal more favorable relief than did the trial court except for just cause." TEX. R. APP. P. 25.1(c). Because Stibolt and Fouts did not perfect their own appeal, we have no jurisdiction to consider the right of survivorship issue described in this footnote. *See id.* Accordingly, we express no opinion on the merits of their claims or arguments.

[4] In presenting its issue on appeal, UpCurve cites to *Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119 (Tex. 1970) (determining that a general point of error is sufficient to allow argument as to all possible grounds upon which summary judgment should have been denied).

(per curiam). When both parties move for summary judgment on the same issue and the trial court grants one motion but denies the other, the reviewing court should review the evidence presented by both sides, determine all questions presented, and render the judgment the trial court should have rendered. *Texas Workers' Comp. Comm'n v. Patient Advocates of Texas*, 136 S.W.3d 643, 648 (Tex. 2004).

In reviewing the trial court's grant or denial of a summary judgment, we view the evidence in the light most favorable to the nonmovant, crediting favorable evidence if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. *Zive v. Sandberg*, 644 S.W.3d 169, 173 (Tex. 2022); *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013); *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). Either party can rely on evidence attached to a motion or response—that is, the movant can rely on evidence filed by the nonmovant or vice versa. *See Wilson v. Burford*, 904 S.W.2d 628, 629 (Tex. 1995) (per curiam). Evidence is conclusive only if reasonable people could not differ in their conclusions. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005). Once a movant initially establishes a right to summary judgment on issues presented in the motion, the burden then shifts to the nonmovant to present issues or evidence to preclude entitlement to a summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979). If the movant fails to meet this burden, the burden does not shift to the nonmovant and the nonmovant need not respond or present any evidence at all. *Chavez v. Kansas City S. Ry. Co.*, 520 S.W.3d 898, 899–900 (Tex. 2017) (per curiam).

### 2. Trespass to try title

Under Texas law, competing claims for superior title in a dispute concerning who owns real property must be brought as a trespass to try title action. *See* TEX. PROP. CODE ANN. § 22.001(a) (providing, "trespass to try title action is the method of determining title to lands,

11

tenements, or other real property"). Such a cause of action adjudicates title or the right of possession of real property. *Rogers v. Ricane Enterprises, Inc*., 884 S.W.2d 763, 768 (Tex. 1994). Actions under this statute "involve detailed pleading and proof requirements." *Lance v. Robinson*, 543 S.W.3d 723, 735 (Tex. 2018). "To prevail in a trespass-to-try-title action, a plaintiff must usually (1) prove a regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Id.* This statutory cause of action applies "when the claimant is seeking to establish or obtain *the claimant's* ownership or possessory right in the land at issue." *Id*. at 736. It has long been established that the "plaintiff in a trespass to try title action must allege and prove the right to present possession of the land." *Id*. (citing *City of Mission v. Popplewell*, 294 S.W.2d 712, 714 (Tex. 1956). Typically, the trespass-to-try-title statute is used "'to clear problems in chains of title or to recover possession of land unlawfully withheld from a rightful owner,' and the plaintiff in such an action must 'establish superior title' to the property." *Id*. Ultimately, a plaintiff asserting this cause of action must recover upon the strength of his or her own title, not on the weakness of the title of his or her adversary. *Id*.; *see also Vernon v. Perrien*, 390 S.W.3d 47, 60 (Tex. App.—El Paso 2012, pet. denied).

**B.    Analysis**

On appeal, UpCurve challenges both the grant of the Muenches motion for summary judgment and the denial of its cross motion for summary judgment. We begin with the motion the trial court granted before we turn to the cross motion it denied. The Muenches motion sought a summary judgment on their trespass-to-try-title claim. Based on the joint stipulation, they asserted the parties had agreed that claims of title to the disputed property arose out of a common source— that is, from grantor Dorothy M. Werner conveying the Property to the three grantees. The question

of disputed fact, they asserted, narrowed to whose title was superior as to the respective interest size.

In the context of this appeal, the summary judgment in favor of the Muenches can be sustained only if they conclusively established each element of their claim of superior title as to their ownership interest. *See* TEX. R. CIV. P. 166a(c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986) (per curiam). Because the arguments boil down to whether the property was conveyed to grantees as separate property or as community property, our analysis of the grant of the Muenches' motion for summary judgment comes down to whether they conclusively established that Dorothy conveyed her interest to each grantee as a gift such that each acquired their respective ownership as separate property.

The Muenches asserted they met their summary judgment burden based on the evidence produced and by reliance on a separate property presumption displacing a presumption of community property. Initially, the Muenches recognized the community property presumption applied because no party disputed that each grantee was married when each acquired their respective share of the Property. *See* TEX. FAM. CODE ANN. § 3.003(a) (stating that all property possessed by either spouse during marriage is initially presumed to be community property). However, they further asserted that a separate property presumption displaced the community property presumption based on the stipulated evidence establishing that each grantee was a child of Dorothy, and thus, a natural object of her bounty. *See Amador v. Berrospe*, 961 S.W.2d 205, 207 (Tex. App.—Houston [1st Dist.] 1996, pet. denied); *see also Kyles v. Kyles*, 832 S.W.2d 194, 196 (Tex. App.—Beaumont 1992, no writ) ("As a general rule, property conveyed to one spouse during a marriage is presumed to be community property unless that presumption be displaced by a different or contrary presumption that would show that the property so conveyed was in fact, separate property.") Although this separate property presumption is rebuttable, the Muenches

13

contended that UpCurve failed to rebut the presumption by proving Dorothy's lack of donative intent by clear and convincing evidence. *Kyles*, 832 S.W.2d at 197.

On appeal, however, UpCurve argues the community presumption remained intact, asserting that several courts have refused to apply the parent-gift presumption when determining the separate or community nature of property. *See Pearson v. Fillingim*, 332 S.W.3d 361, 364 (Tex. 2011) (per curiam) (after a bench trial on a petition to clarify a decree of divorce, held that husband failed to prove that mineral rights were gifts, as there is no presumption of separate property); *Matter of the Marriage of Campa*, No. 06-21-00007-CV, 2021 WL 2964274, at *3 (Tex. App.—Texarkana July 15, 2021, pet. denied) (mem. op.) (finding no gift presumption applied in trial on divorce petition); *Oliver v. Oliver*, No. 09-18-00208-CV, 2020 WL 1173704, at *10–11 (Tex. App.—Beaumont Mar. 12, 2020, no pet.) (mem. op.) (finding no divestiture of separate property after a bench trial when a party has not met the burden to overcome the presumption of community property). UpCurve contends it was the Muenches who failed to displace the community property presumption with clear and convincing evidence establishing Dorothy's donative intent in support of a gift.

Given this battle over evidentiary presumptions arising in a summary judgment proceeding, we must remain cautious in determining not whether a trial burden was met but whether entitlement to summary judgment was established as a matter of law. Texas law recognizes summary judgment to be a harsh remedy requiring strict construction. *Garcia v. John Hancock Variable Life Ins. Co.*, 859 S.W.2d 427, 435 (Tex. App.—San Antonio 1993, writ denied). The reason for this strict standard is because a summary proceeding is "not a conventional trial, but an exception to the usual and traditional formal procedure whereby witnesses are heard in open court and documentary proof is offered and received into evidence." *Id.* As our highest court recently admonished regarding a summary judgment proceeding, "presumptions and burden of proof for

an ordinary or conventional trial are immaterial to the burden that a movant of summary judgment must bear." *Draughon v. Johnson*, 631 S.W.3d 81, 87–88 (Tex. 2021).

### 1. The Muenches as summary judgment movant

The Muenches motion for summary judgment is titled, "Plaintiffs' Motion for Summary Judgment." The opening paragraph next describes the motion as a "Traditional and No-Evidence Motion for Summary Judgment." However, when read as a whole, the motion in substance only mentions it seeks a traditional summary judgment pursuant to TEX. R. CIV. P. 166a(c). Rather than assert any no-evidence ground within the body, the motion merely contends "Plaintiffs have met their burden here," to prevail on their trespass to try title suit. Lastly, the motion also recites that plaintiffs rely upon three items of evidence in support of their motion, i.e., the joint stipulation, a correction quit claim deed, and title history documents, but further assert by their argument that Texas law presumes the 1981 deed was a gift and thus separate property. Because a trial court cannot grant summary judgment on grounds that were not presented, we construe the Muenches motion as one brought as a traditional motion for summary judgment under TEX. R. CIV. P. 166a(c), not as a combined motion or no-evidence motion for summary judgment under TEX. R. CIV. P. 166a(i). *See Nall v. Plunkett*, 404 S.W.3d 552, 555 (Tex. 2013) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal.").

In support of their motion, the Muenches cite and brief numerous cases which show that several courts have applied the parent-child gift presumption while further considering whether this presumption was overcome by clear and convincing evidence. *See Jennings v. Piazza*, No. 12-18-00253-CV, 2019 WL 2710276, at *1 (Tex. App.—Tyler June 28, 2019, no pet.) (mem. op.) (applying the parent-child gift presumption and ultimately finding the separate property presumption was not overcome by clear and convincing evidence of lack of donative intent);

15

*Hallum v. Hallum*, No. 01-09-00095-CV, 2010 WL 4910232, at *4 (Tex. App.—Houston [1st Dist.] Dec. 2, 2010, no pet.) (mem. op.) (same); *Blair v. Blair*, No. 14-97-00832-CV, 1999 WL 649082, at *4 (Tex. App.—Houston [14th Dist.] Aug. 26, 1999, no pet.) (stating that when property is deeded from a parent to a child it is presumed that a gift was intended which can be rebutted by clear and convincing evidence); *Kyles*, 832 S.W.2d at 196 (applying the separate property presumption to a dissolution of marriage case to determine the characterization of the property).

Based on the evidence attached to their motion and their arguments, the Muenches assert they met their evidentiary burden and were entitled to a summary judgment because Texas courts generally determine a separate property presumption applies when property is conveyed as a gift from a parent to a child. *See* TEX. FAM. CODE ANN. § 3.001(2) ("A spouse's separate property consists of . . . the property acquired by the spouse during marriage by gift . . . ."). Although they acknowledge that Texas law generally presumes that property possessed by a spouse during marriage is presumed to be community property, *see* TEX. FAM. CODE ANN. § 3.003(a), they argued in their motion that "the general community property presumption is displaced if a party establishes the predicate facts giving rise to a separate property presumption." *Hallum*, 2010 WL 4910232, at *4. In support of summary judgment, they contended the joint stipulation acknowledged the grantees of the 1981 deed were the children of grantor Dorothy. And because the Muenches showed the existence of this basic fact establishing a parent-child relationship between the grantor and grantees of the 1981 deed, they further contended they proved the ultimate fact that the conveyance by Dorothy was a gift, and therefore the separate property of the grantees based on the application of the separate property presumption. However, we observe the cases cited and relied upon—all of which review the application of both the community and separate property presumptions and whether each was rebutted—involved a sufficiency review of evidence

16

following a trial on the merits. None of the cases cited by the Muenches involve the grant of a traditional motion for summary judgment.

As the Supreme Court of Texas has instructed, a presumption at trial operates to establish a fact until rebutted, but not in summary judgment proceedings. *Chavez*, 520 S.W.3d at 899. "The presumptions and burden of proof for an ordinary or conventional trial . . . are immaterial to the burden that a movant for summary judgment must bear." *Id.* at 900 (quoting *Missouri-Kansas-Texas R.R. Co. v. City of Dallas*, 623 S.W.2d 296, 298 (Tex. 1981)). Without question, this case presents as a summary judgment proceeding where burdens of proof differ from those at trial. To obtain summary judgment, the "movant must establish that there is no genuine issue of material fact so that the movant is entitled to judgment as a matter of law." *Id*. In so doing, "a summary judgment movant may not use a presumption to shift to the non-movant the burden of raising a fact issue of rebuttal." *Chavez*, 520 S.W.3d at 900. Affording a presumption to a traditional summary judgment movant "would inappropriately displace its heightened summary judgment burden with the lesser burden of proof it would bear at trial." *Green v. State*, No. 02-21-00013-CV, 2021 WL 5747148, at *5 (Tex. App.—Fort Worth Dec. 2, 2021, pet. granted) (mem. op.).

Thus, in seeking a summary judgment, the Muenches were required to establish affirmatively that there was no genuine issue of material fact that the Property was conveyed as a gift—that is, conclusively establishing Dorothy's intent to convey the property as separate property to each grantee. Here, the Muenches did not meet this burden. Rather, even when we rely on the evidence produced by all parties, they only produced evidence of the 1981 deed conveying property interests to grantees and the joint stipulation establishing grantees were Dorothy's children. As movants of their own cause of action for trespass to try title, the Muenches shouldered the movant's burden to produce evidence conclusively establishing the Property was conveyed to grantees as a gift. Without the application of a separate property presumption, there remains an

17

evidentiary gap as to whether Dorothy intended to gift the Property to each grantee as no deed language or other evidence expresses any such donative intent. Indeed, the granting language of the 1981 deed states that for "good and valuable consideration to me in hand paid by [grantees]," the Property was "granted, sold and conveyed," to grantees, Shirley A. Muench, Richard A. Werner, and Geraldine Fox.

On this record, we conclude the Muenches did not meet their summary judgment burden to conclusively establish a conveyance by gift such as to characterize the ownership of the grantees' interests as separate property. *See* TEX. R. CIV. P. 166a(c). As a result, the Muenches did not conclusively establish superior title as a matter of law. To the extent the trial court granted a final summary judgment in favor of the Muenches on the property characterization issue, we conclude it did so in error. Relatedly, we further conclude the trial court erred in issuing a summary judgment declaring the Property is owned in the percentages stated in the final summary judgment.

To this extent, we sustain in part UpCurve's sole issue.

### 2.    UpCurve as summary judgment movant

By a cross motion filed in response to the Muenches motion, UpCurve also sought a traditional summary judgment pursuant to TEX. R. CIV. P. 166a(c). On appeal, UpCurve also challenges the trial court's denial of its own motion for summary judgment. To meet its movant's burden, UpCurve needed to disprove at least one element of the Muenches' cause of action for trespass to try title. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995) (per curiam) (A defendant seeking a traditional summary judgment must either disprove at least one element of each of the plaintiff's causes of action or plead and conclusively establish each essential element of an affirmative defense.) A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *Wilson*, 168 S.W.3d at 816. UpCurve argued the Muenches, Fouts, and Stibolt, shouldered the burden to prove superior title to the interests they

claim over its interest, and if those parties failed to meet their burden, then judgment should be entered for UpCurve.

UpCurve also based its entitlement to summary judgment on the characterization of the Property conveyed by the 1981 deed. UpCurve asserted that because the grantees were married at the time of Dorothy's conveyance, the community property presumption applied. *See* TEX. FAM. CODE ANN. § 3.003(a). UpCurve asserts the grantees of the 1981 deed acquired their interests as community property such that their spouses shared in the ownership interest. UpCurve asserts the community property presumption controlled and the Muenches needed to rebut the presumption by clear and convincing evidence. UpCurve claims the Muenches failed to rebut this presumption by merely pointing to the fact that the grantees were all Dorothy's children.

Again, because the presumptions and burdens of proof applicable to a conventional trial are immaterial to the burden a movant shoulders in a summary judgment proceeding, we conclude that UpCurve similarly failed to meet its summary judgment burden. *Chavez*, 520 S.W.3d at 900. Although the evidence establishing that the grantees were married at the time of Dorothy's conveyance amounts to some evidence, the evidence otherwise failed to conclusively establish the property was acquired as community property. *See City of Keller*, 168 S.W.3d at 816. For one thing, the 1981 deed only includes the name of one spouse as to each of the three grantees. Additionally, the deed only includes mention of ten dollars and other good and valuable consideration without disclosing the nature of the funds. Without relying on the community property presumption to fill in the evidentiary gaps, UpCurve also failed to conclusively establish the grantees purchased the Property as their community property interest. *See Chavez*, 520 S.W.3d at 900.

On this record, we conclude that UpCurve failed to meet its burden to conclusively establish the community property character of the Property interest conveyed to each grantee. *See*

19

TEX. R. CIV. P. 166a(c). To the extent the trial court denied UpCurve's motion for summary judgment on the characterization issue, we conclude it did not commit error. We overrule the remaining part of UpCurve's issue.

In sum, we overrule in part and sustain in part UpCurve's sole issue.

## III. CONCLUSION

We affirm in part and remand in part. Because we conclude the Muenches failed to meet their summary judgment burden, we reverse the trial court's granting of the Muenches' motion for summary judgment. Because we additionally conclude that Upcurve also failed to meet its summary judgment burden, we affirm the trial court's denial of UpCurve's summary judgment motion. We remand to the trial court for further proceedings consistent with this decision.


GINA M. PALAFOX, Justice

February 21, 2023

Before Rodriguez, C.J., Palafox, and Alley, JJ.
Alley, J. (not participating)