# IN THE SUPREME COURT OF TEXAS

═══════════

No. 15-0717

═══════════

LUZ CHAVEZ, INDIVIDUALLY, AS REPRESENTATIVE OF THE ESTATES OF RUDOLPH
CHAVEZ, SR. (DECEASED) AND RUDOLPH CHAVEZ, JR. (DECEASED), AND AS
NEXT FRIEND OF J. C., A MINOR, DARLENE CHAVEZ,
ALLEN CHAVEZ, FRANCISCO CHAVEZ, AND CELIA CHAVEZ, PETITIONERS,

v.

KANSAS CITY SOUTHERN RAILWAY COMPANY
AND JOSE JUAREZ, RESPONDENTS

═══════════════════════════════════════════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FOURTH DISTRICT OF TEXAS

═══════════════════════════════════════════════

## PER CURIAM

At trial, a presumption operates to establish a fact until rebutted, *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 80–81 (Tex. 2000), but not in summary judgment proceedings, *Missouri-Kansas-Texas R.R. Co. v. City of Dallas*, 623 S.W.2d 296, 297–98 (Tex. 1981). Because the court of appeals misapplied this rule, ___ S.W.3d ___ (Tex. App.—San Antonio 2015), we reverse its judgment and remand the case to the trial court for further proceedings.

Petitioner Luz Chavez sued respondents, Kansas City Southern Railway and its engineer (collectively, "the Railway"), for the wrongful death of her husband and son, killed when their vehicle was struck by a train at a railroad crossing. Chavez sued on her own behalf, on behalf of the

decedents' estates, and as next friend for her surviving minor son. Several family members joined the action. All the plaintiffs (collectively, "Chavez") were represented by the same law firm.

The case was tried to a defense verdict, but the trial court granted Chavez's motion for new trial, and counsel for both sides began settlement negotiations. They reached a letter agreement, signed by counsel. But at a hearing to approve the agreement, Chavez appeared and stated that she "wish[ed] not to go forward" and requested "at least three months to find . . . another law firm" because she "[did] not feel comfortable with" the firm that had been representing her. The trial court reset the hearing, and the Railway moved to enforce the settlement agreement. Chavez did not appear at the reset hearing. The court indicated it would grant the motion but, apparently in response to a letter from Chavez, it set the Railway's motion to enforce the agreement for rehearing. Chavez again did not appear, but one of the lawyers who had been representing her confirmed to the court that, while she no longer represented Chavez, Chavez had consented to the settlement agreement. The trial court granted the Railway's motion and rendered judgment on the settlement agreement, awarding Chavez $531,000, of which $325,000 went to her law firm for expenses.

Chavez appealed. The court of appeals reversed and remanded because the settlement agreement had not been filed of record. *Chavez v. Kansas City S. Ry. Co.*, No. 04-11-00697-CV, 2013 WL 520100 (Tex. App.—San Antonio Feb. 13, 2013, pet. denied) (mem. op.). On remand, the Railway filed the settlement agreement, sued for breach, and moved for summary judgment. The Railway's evidence established that Chavez was represented during settlement negotiations by the same law firm that had represented her at trial, including the lawyer who signed the settlement agreement on her behalf. But the Railway's motion and evidence did not otherwise address Chavez's

law firm's authority to agree to the settlement. Chavez responded, testifying by affidavit, that she had not consented to the settlement. The trial court granted summary judgment for the Railway.[1]

Chavez again appealed, arguing that her counsel did not have authority to bind her to the settlement agreement. The court of appeals disagreed because the summary judgment record established that the settlement agreement was signed by one of her lawyers. ___ S.W.3d ___, ___ (Tex. App.—San Antonio 2015). The court stated that it would "indulge every reasonable presumption to support a settlement agreement made by an attorney hired by a client," citing *Ebner v. First Bank of Smithville,* 27 S.W.3d 287, 300 (Tex. App.—Austin 2000, pet. denied). "Accordingly," the court concluded, the Railway "proved as a matter of law that [the lawyer] possessed actual authority to bind Chavez to the settlement agreement . . . ." *Id*. at ___. The court affirmed the trial court's judgment. *Id.* at ___.

To obtain summary judgment, the "movant must establish that there is no genuine issue of material fact so that the movant is entitled to judgment as a matter of law." *Katy Venture, Ltd. v. Cremona Bistro Corp.*, 469 S.W.3d 160, 163 (Tex. 2015). If the movant meets this burden, "the burden then shifts to the non-movant to disprove or raise an issue of fact as to at least one of those elements." *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014). However, if the movant does not meet this burden, "the burden does not shift and the non-movant need not respond or present any evidence." *Id.*

---

[1] The judgment awarded Chavez $541,000, with $325,000 going to her law firm for expenses, correcting an error in the first judgment.

3

Assuming without deciding that an attorney retained for litigation is presumed to possess express authority to enter into a settlement agreement on behalf of the client, the presumption may be rebutted with evidence to the contrary. But a summary judgment movant may not use a presumption to shift to the non-movant the burden of raising a fact issue of rebuttal. In *Missouri-Kansas-Texas Railroad Co. v. City of Dallas*, we held that a presumption cannot shift the burden to a non-movant in a summary judgment proceeding. 623 S.W.2d at 298. "The presumptions and burden of proof for an ordinary or conventional trial," we said, "are immaterial to the burden that a movant for summary judgment must bear." *Id*. Thus, in this case, the Railway was required to establish affirmatively that there was no genuine issue of material fact that Chavez's law firm was authorized to execute the settlement agreement—that is, that Chavez could not produce evidence to rebut a presumption of authority. The Railway did not meet this burden. It only produced evidence that Chavez hired counsel to represent her in this litigation and that those lawyers agreed to the settlement. Although this is some evidence to satisfy its burden, the Railway was required to provide evidence that Chavez actually authorized her counsel to enter into a settlement agreement on her behalf. Because the Railway failed to conclusively establish each element of its claim, the summary judgment must be reversed.

We grant Chavez's petition for review and, without hearing oral argument, TEX. R. APP. P. 59.1, reverse the judgment of the court of appeals and remand the case to the trial court for further proceedings.

Opinion delivered: May 26, 2017