

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| HUNTLEY FORT GILL, ROBYN G. ATTAWAY and MIRIAM G. STIRN, | § | No. 08-20-00081-CV |
| Appellants, | § | Appeal from the |
| v. | § | 143rd District Court |
| DAVID HILL, Individually and d/b/a DOH OIL COMPANY, | § | of Reeves County, Texas |
| | § | (TC# 19-02-22804-CVR) |
| Appellees. | | |

## DISSENTING OPINION

As evident by the differing views of my two colleagues—who otherwise agree on the outcome of the case—the critical inquiry of this summary judgment dispute necessarily requires that we determine on which party the burden of proof rested, and whether that burden was met. Chief Justice Rodriguez determines that Appellees met their initial summary judgment burden such that a burden of proof shifted to Appellants to present evidence raising a fact issue precluding the applicability of Appellees' statute of limitations defense. She determines that evidence satisfying that burden, which Appellants failed to produce, would include proof that taxes were paid on their property from the time of the tax sale in 1999 to the date of the filing of their suit. While Justice Alley agrees that the initial burden shifted to Appellants, he writes separately to further explain that he would categorize Appellants' due process claim as one that "more resembles a confession and avoidance claim." He nonetheless agrees such equitable defense to the running

of limitations required Appellants to present evidence raising a fact issue to avoid summary judgment.

Regardless of the differences reflected by these separate writings, the plurality opinion concludes that based on the evidence attached to Appellees' motion for summary judgment, they met their initial burden of proof to conclusively establish the running of the one-year statute of limitations against Appellants' due process claim. *See* TEX. TAX CODE ANN. § 33.54. As proof of such defense, Appellees relied on the sheriff's deed from which title of the property at issue had been conveyed to Appellees following a tax sale. That deed reflected a recording date of April 1999. The majority concludes the deed conclusively established that Appellants' suit was brought nearly nineteen years after the running of the applicable statute of limitations. The majority further concludes the burden shifted to Appellants to produce evidence raising a fact issue on their due process claim, which they failed to do.

Based on the nature of Appellants' claim and the well-established standards of a traditional motion for summary judgment, I disagree that Appellees met their initial burden of proof, such that a burden ever shifted to Appellants to create a fact issue.

I.

To start, Appellants identified their claim as "a collateral attack on a void 1999 tax suit judgment." The petition contends that the tax judgment was entered without personal jurisdiction over James W. Gill and Gale T. Goss (James and Gale), now deceased, who were Appellants' predecessors-in-title to a mineral interest in land located in Reeves County. Appellants' claim alleged "[t]he [tax] [j]udgment was void as to James and Gale because there was a complete failure of service of citation on them and they were thereby denied due process guaranteed to them under the Fourteenth Amendment to the United States Constitution and Article I, Sections 13 and 19 of

2

the Constitution of the State of Texas." Moreover, Appellants asserted that, because the judgment was void, "the resulting tax sale and [s]heriffs' [t]ax [d]eed to [DOH Oil Company] were also void as to the [p]roperty." Finally, Appellants alleged that even though the sheriff's deed correctly identified the interests formerly owned by James, "it did not correctly identify the interest purportedly owned by Gale." Based on all these allegations, Appellants sought a judgment declaring the tax judgment void and of no effect as to James, Gale, and the property; and further declaring that the sheriff's deed could not and did not convey any interest that was not included in the tax suit petition and foreclosed upon by the judgment.

As the majority opinion describes, the Supreme Court of Texas recently addressed a similar due process claim brought against the same 1999 tax judgment at issue here. *See Mitchell v. MAP Resources, Inc.*, No. 21-0124, 2022 WL 1509745, at *1 (Tex. May 13, 2022). In *Mitchell*, the heirs of Elizabeth Mitchell sued the current owners of disputed mineral interests, alleging the tax foreclosure judgment rendered against Elizabeth was void as to her because she had not been properly served, thus violating her federal and state constitutional rights. *Id*. Elizabeth was a named defendant— "[among the] almost 500 other defendants"—whose mineral interests were foreclosed upon by taxing authorities. *Id*. *Mitchell* considered whether section 33.54 of the Tax Code applied to the heirs' due process claim. *Id*. at *9.

Regarding the nature of such claim, *Mitchell* explained, "[t]he Due Process Clause of the [Fourteenth Amendment to the] United States Constitution prevents the government from depriving a person of his or her property, without due process of law." *Id*. at *5 (citing U.S. CONST. AMEND. XIV, § 1 and TEX. CONST. art. I, § 19). Thus, constitutional protections "require that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Id*. (citing *Mullane v. Cent. Hanover Bank & Tr.*

3

*Co.*, 339 U.S. 306, 313 (1950)). Notice must be "reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections." *Id.* (citing *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84 (1988)).

Regarding claims of this nature, *Mitchell* builds on the guidance earlier provided by the Supreme Court of Texas in *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 273 (Tex. 2012). Addressing procedural aspects of such due process claims, *PNS Stores* held that "a judgment may also be challenged through a collateral attack when a failure to establish personal jurisdiction violates due process." *Id.* (citing *Peralta*, 485 U.S. at 84). The Supreme Court observed that "a judgment entered without notice or service is constitutionally infirm, and some form of attack must be available when defects in personal jurisdiction violate due process." *Id.* at 272–73. *PNS Stores* further described that a failure to give notice violates "the most rudimentary demands of due process of law." *Id.* at 273. A litigant may attack a void judgment directly or collaterally. *Id.* at 271. Although a direct attack must be brought within a definite time, a collateral attack may be brought at any time. *Id.* at 272 (citing *In re E.R.,* 385 S.W.3d 552, 566 (Tex.2012)). When attacked collaterally, a judgment alleged as void is presumed valid, but the presumption disappears when the record affirmatively reveals a jurisdictional defect. *Id.* at 273. Here, Appellants brought such a collateral attack outside the one-year limitations period provided by the Tax Code, alleging the tax judgment and resulting sheriff's deed were void and without effect.

When reviewing such a due process claim, *Mitchell* also discussed the applicability of counterarguments and defenses raised by the property owners' own motion for summary judgment. Similar to the defense asserted in the case at hand, the property owners named as defendants in the Mitchell heirs' suit alleged that even if the foreclosure judgment violated due process, the judgment could not be declared void given it was barred by the running of the Tax Code's one-

4

year statute of limitations. *Mitchell*, 2022 WL 1509745, at *9. But *Mitchell* rejected this argument. The Supreme Court noted that no temporal limits may be placed on a challenge to a void judgment when such a claim is filed by a party who did not receive the type of notice to which the party was entitled to receive under the circumstances. *Id.* at *10. Rather, "state statutory requirements must give way to constitutional protections." *Id.* (citing *E.R.*, 385 S.W.3d at 566)(providing that Texas rules "must yield to contrary precedent from the U.S. Supreme Court"). *Mitchell* concluded that when such a claim is properly brought, the requirements of section 33.54 of the Tax Code are "irrelevant" as the suit operates independent of the state statutory provision. *Id.*

*Appellees' Traditional Motion for Summary Judgment*

Yet *Mitchell* offers only limited guidance here because its procedural posture significantly differs. As stated earlier, the parties in *Mitchell* filed cross-motions for summary judgment and those motions included a hybrid motion for summary judgment filed by defendant, MAP Resources. *Id.* at *3. As a result, both sides of the lawsuit attached evidence to their motions, and both affirmatively argued that each were entitled to judgment as a matter of law.

Here, only Appellees filed a motion for summary judgment, not Appellants. Relying on section 33.54 of the Tax Code and the recording date of the attached sheriff's deed, Appellees argued first that "the time for challenging the tax [sale] passed nineteen years ago." Second, they urged that Appellants did not allege that they or their predecessors had paid taxes in the interim. Based on the form and substance of the motion, Appellees filed a traditional motion for summary judgment, not a no-evidence or hybrid motion. *Compare* TEX. R. CIV. P. 166a(c)(traditional motion), *with* TEX. R. CIV. P. 166a(i)(no-evidence motion); *see also Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013)(discussing the combination of a traditional motion with a

5

no-evidence motion results in a hybrid motion). Nowhere in the motion did Appellees assert that no evidence supported one or more essential elements of Appellants' due process claim.

The standard for reviewing motions filed under Rule 166a(c) of the Texas Rules of Civil Procedure "is whether the successful movant at the trial level carried its burden of showing that there is no genuine issue of material fact and that judgment should be granted as a matter of law." *KPMG Peat Marwick v. Harrison County Housing Fin. Corp.,* 988 S.W.2d 746, 748 (Tex. 1999); *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex.1985)). Under that standard, we must take as true all evidence favorable to the non-movant and must make all reasonable inferences in the non-movant's favor as well. *See KPMG Peat Marwick,* 988 S.W.2d at 748; *Nixon,* 690 S.W.2d at 548–49.

In *Draughon v. Jones*, the Supreme Court of Texas instructed that "[a] court must grant a 'traditional' motion for summary judgment 'forthwith if [the summary judgment evidence] show[s] that . . . there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out.'" *Draughon v. Johnson*, 631 S.W.3d 81, 87 (Tex. 2021)(alteration in original)(quoting TEX. R. CIV. P. 166a(c)). Describing the movant's burden of proof under our traditional rule, *Draughon* stated, "courts never shift the burden of proof to the non-movant unless and until the movant has established his entitlement to a summary judgment by conclusively proving all essential elements of his cause of action or defense as a matter of law." *Id*. at 87–88. Of further note, *Draughon* clarified that the traditional motion has been interpreted such that "the presumptions and burden of proof for an ordinary or conventional trial are immaterial to the burden that a movant for summary judgment must bear." *Draughon*, 631 S.W.3d at 87 (citing *Missouri-Kansas-Texas R.R. v. City of Dallas*, 623 S.W.2d 296, 298 (Tex. 1981); *Chavez v. Kan. City So. Ry. Co.*, 520 S.W.3d 898, 899 (Tex. 2017)(per

6

curiam)). "The non-movant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right." *Draughon*, 631 S.W.3d at 88.

Applicable to this case, Appellants carry the burden at trial to rebut the presumption of validity that applies to the tax judgment and sheriff's deed, which they collaterally attack by their pending suit. *See PNS Stores*, 379 S.W.3d at 273. And based on that presumption, they must affirmatively demonstrate that the trial court lacked personal jurisdiction over James and Gale, their predecessors-in-interest. Yet, as relevant to the standards applicable to this summary judgment proceeding, that burden operates in reverse order in this instance. *See Draughon,* 631 S.W.3d at 81; *Chavez v. Kan. City So. Ry. Co.*, 520 S.W.3d at 899 (Tex. 2017).

Because Appellees carry the initial burden to conclusively establish their entitlement to the Tax Code's limitations defense, that burden necessarily includes a requirement to show that such defense would apply to Appellants' claim. To do so, Appellees carry the burden to show that no due process violation occurred with regard to the collaterally attacked tax judgment and sheriff's deed. Said differently, to rely on the deed to establish the running of limitations, Appellees carried the burden of establishing not only the date of the deed's recording but also its validity. That is, not merely that the judgment and deed were presumed valid, but that they were in fact valid and of legal force and effect. When such burden of proof is met, the statute of limitations defense would be applicable to Appellants' claim.

In sum, the sheriff's deed did not enjoy a presumption of validity in this proceeding, as it does enjoy at trial, such that Appellees could rely on it alone to shift the burden of proof to Appellants to prove otherwise. As *Draughon* aptly stated, "[i]f a defendant prefers to place the burden on the plaintiff to raise a fact issue regarding any aspects of limitations on which the plaintiff would have the burden at trial, it is free to file a no-evidence motion for summary

7

judgment as to those matters." *Id*. at 85. Here, Appellees chose not to file a no-evidence or hybrid motion, and Appellants themselves had neither sought a summary judgment on their claim. Choosing to travel solely on a traditional motion for summary judgment, Appellees carried the full burden to establish the date of the sheriff's deed and its validity.

## *Conclusion*

Because I would conclude that Appellees failed to conclusively establish their affirmative defense of limitations as a matter of law, I respectfully dissent.

August 30, 2022

GINA M. PALAFOX, Justice

Before Rodriguez, C.J., Palafox, and Alley, JJ.