

# NUMBER 13-23-00278-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

LORENZA MATA,                                                                      Appellant,

v.

PAUL MORENO AND
MAYRA MORENO,                                                                      Appellees.

## ON APPEAL FROM THE 81ST DISTRICT COURT
## OF WILSON COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Silva**
**Memorandum Opinion by Justice Silva**

Appellant Lorenza Mata filed a notice of appeal challenging a final summary

judgment rendered in favor of appellees Paul Moreno and Myra Moreno in a dispute

regarding the ownership of real property.[1] By two issues, Mata asserts that the trial court erred in concluding that she had breached a Rule 11 agreement regarding that property. *See* TEX. R. CIV. P. 11. We reverse and remand.

## I. BACKGROUND

The Morenos filed suit against Mata regarding events surrounding a real estate transaction in which they sold a property in Floresville, Texas, to Mata pursuant to a deed of trust and a note. In their second amended petition, the Morenos alleged that Mata defaulted on the note for the property because she failed to make the required payments. They further alleged that Mata failed to pay the property taxes assessed on the property, so they advanced $5,072.54 to prevent foreclosure by Wilson County.

The Morenos asserted that Mata did not pay the accelerated amount that she owed them under the note for the property or reimburse them for the property taxes, so they foreclosed and instituted eviction proceedings in county court. The eviction proceeding was abated for jurisdictional reasons in favor of the litigation in district court. However, the Morenos asserted that the parties ultimately reached a Rule 11 agreement on March 15, 2018, which required Mata to pay the Morenos "$30,000 for the amounts due and owing," and "all money paid in the County Court registry as a result of the eviction suit." The Morenos explained that the county court had ordered Mata to pay $900 each month into the registry of the county court as a condition for maintaining possession of the property. The Morenos alleged that Mata failed to meet this obligation because "the

---

[1] This appeal was transferred from the Fourth Court of Appeals in San Antonio pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001. We therefore apply the precedent of that court to the extent it differs from our own. *See* TEX. R. APP. P. 41.3.

2

records of the [c]ourt registry show that [Mata] only paid . . . monthly deposits for rent into the registry up until December of 2017"; however, "[t]he settlement agreement clearly states that payments into the registry were to be made up until April 1, 2018." The Morenos alleged that the missing payments totaled $2,700 and were "part of the consideration for the settlement."

They further argued that Mata was using the property as a rental, yet she failed to pay the property taxes and thus they were required to do so. They stated that as a result of Mata's breach, they did not transfer title of the property to her. The Morenos thus alleged that Mata breached the Rule 11 agreement. They sought a declaratory judgment that (1) the Rule 11 agreement was binding and enforceable; (2) Mata's failure to pay $2,700 into the registry of the court and tender the funds to the Morenos was a breach of the agreement; (3) the Morenos could proceed with evicting Mata due to the breach and could enforce their foreclosure; and (4) the trial court should determine the appropriate remedy for Mata's breach. In addition to other claims, they requested injunctive relief awarding them immediate possession of the property, requiring all rental proceeds to be placed in the registry of the court, and requiring the property to be insured. They requested the recovery of actual damages, attorney's fees, expenses, and costs.

After further proceedings in the case, the Morenos filed a motion for summary judgment and an amended motion for summary judgment; Mata filed a response and an amended response; and the Morenos filed a reply. To summarize, the Morenos sought traditional summary judgment on all of their claims against Mata. They supported their amended motion for summary judgment with, *inter alia*, the deed of trust, note, the notice

3

of default addressed to Mata, the Rule 11 agreement, and Paul's affidavit. The Rule 11 agreement, dated March 15, 2018, states:

1. [Mata] agrees to pay [the Morenos] $30,000 in a [cashier's] check or certified funds made out to the trust fund for the Law Office of Kenneth E. Grubbs[.]

2. In return for said funds [the Morenos] agree to provide [Mata] a Special Warranty Deed to 8893 C.R. 128, Floresville, Texas.

3. [Mata] will agree to sign an order releasing all money in the Wilson County Court registry to Law Office of Kenneth Grubbs on behalf of [the Morenos] through March 31, 2018[.]

4. On April 1, 2018, [Mata] will be under no further obligation to make payments into the registry of the Court.

5. The parties will agree to mutual non-suits with prejudice[.]

Paul's affidavit provides, in relevant part:

[Mata] failed to pay for the property as contracted and therefore on April 9, 2013[,] a notice of Default was sent. Thereafter, on June 10, 2013[,] a notice of substitute [trustee's] sale was sent. At issue was the failure of [Mata] to pay the property taxes. We advanced $5,072.54 in taxes in order to avoid the property being foreclosed on by Wilson County.

[Mata] refused and did not reimburse us for the taxes nor did [Mata] pay the accelerated amount and on July 2, 2013, the property was foreclosed on.

Thereafter, an eviction proceeding was filed but the proceeding was abated due to the County Court's belief that this District Court suit in some[ ]way impairs the Justice and County Court's jurisdiction to grant possession of the property to [Mata].

The District Court litigation carried on for some time. However, on March 15, 2018[,] the parties reached a settlement agreement. The agreement called for [Mata] to pay $30,000 for the amounts due and owing. The agreement also called for the release of all money paid in the County Court registry as a result of the eviction suit to be paid to us.

The [attorneys] signed the . . . Rule 11 [a]greement and the agreement was filed with the records of that cause. As part of the County Court's ruling to

4

stay and abate the eviction case, it was also ordered that [Mata] pay $900 each month into the registry of the Court as a condition of being able to maintain possession of the property. However, the records of the Court registry show that [Mata] only paid into monthly deposits for rent into the registry up until December of 2017. The settlement agreement clearly states that payments into the registry were to be made up until April 1, 2018. During months of January—March 2018 [Mata] did not make the $900 per month payment into the Court registry. The missing payments total the amount of $2,700.

However, despite the above facts, [Mata] has continued to retain possession and control of the property. She is using the property as a rental and is making at least $900 per month. Therefore, I am asking for damages against her from April 2018 until April 2020 for lost rent in the amount of $22,500. Further, she never paid the property taxes. I am still the title holder to the property.

I am a member of the U.S. Military and cannot have any suits or defaults relating to [my] credit in order to protect my security clearance therefore I was required to pay the taxes.

As a result of the continued conduct of [Mata], I was forced to pay over $7,337.89 in property taxes over the past three years in order to keep the property from being foreclosed against by the Court. This is all while [Mata] continued to make money on the property as a rental.

Therefore[,] I am asking the Court for a total judgment of $25,200 in lost rent and $7,337.89 for the taxes I paid for a total amount of $32,537.89.

Further, as shown by the documents attached, I am still the record title holder to the property. As a result of [Mata's] failure to pay the entire consideration as agreed in the Rule 11 [a]greement I am asking the Court for a finding that I do not have to sign over title to the property and that I am the fee simple and record title holder of the property.

Mata's first amended response to the Morenos' amended motion asserted that the Rule 11 agreement was not a valid, enforceable contract for several reasons, including that it failed to contain an adequate legal description and failed to satisfy the statute of frauds. She further asserted that the Morenos' summary judgment evidence was "defective" and was not competent to support summary judgment. She supported her

5

response with, among other things, her affidavit reciting that she had paid $35,000 into the registry of the court and had paid $42,237.09 on the original note for the property.

On February 9, 2021, the trial court signed an order granting the Morenos' motion for summary judgment which stated that the court would thereafter "enter a separate judgment" in favor of the Morenos. Thereafter, Mata filed a first amended answer to the Morenos' lawsuit. Her first amended answer included a verified denial, several affirmative defenses, and a counterclaim against the Morenos for usury.

On May 29, 2021, the trial court signed a final judgment in favor of the Morenos. Thereafter, Mata filed a motion for new trial, and ultimately appealed that judgment to the San Antonio Court of Appeals. That court concluded that the trial court's judgment failed to dispose of Mata's pending counterclaim. *See Mata v. Moreno*, No. 04-22-00290-CV, 2022 WL 4362303, at *1 (Tex. App.—San Antonio Sept. 21, 2022, no pet.) (mem. op.). The court ultimately dismissed the appeal for lack of jurisdiction. *See id.*

Thereafter, on February 7, 2023, the trial court signed the "Final Order," which is at issue in this appeal. The "Final Order" provides in relevant part:

> The Court FINDS and ORDERS and ENTERS a Declaration, consistent with the Pleadings and Chapter 37 of the Texas Civil Practices and Remedies Code that the Substitute Trustees Deed of July 2, 2013, recorded in the Wilson County Deed Records, conveying the property located at 8893 C.R. 128, Floresville, Texas to [Paul] is the controlling deed instrument and [Paul], as a result of this Deed, is the fee simple owner of the property. The Court further finds, under principals of rescission, that [the Morenos] owe[] [Mata] no duty to co[n]vey the above property due to the breach of the Rule 11 [a]greement.
>
> Consistent with the Pleadings of the [Morenos], the Court FINDS that the parties entered into a Rule 11 agreement on March 15, 2018 settling the prior lawsuit in Cause No. 14-03-0150-CVW; Lorenzo Mata v. Paul Moreno and Mayra Moreno.

The Court finds that [Mata] did not comply with the agreement by making rent payments into the registry of the Court in the amount of $2,700 and turning those payments over to [the Morenos] as part of the settlement.

The Court also FINDS, that during the controversy involved from March 2018 until Present that [Paul] had to pay $7,337.87 to Wilson County for taxes on the subject property when such obligation should have been paid by [Mata].

The Court finds that [Mata] did pay $30,000 of the settlement agreement and $42,236.09[2] as part of the compliance with the settlement agreement.

[The Morenos have] pled for Rescission of the Rule 11 based on the breach. Therefore, the Court finds that [Mata] owes rent of $900/month for 80 months and 10 days in March 2020 to the Morenos for Mata's occupation of the property which equals $72,290.32 due to the Morenos. Said amount is offset by the . . . $72,236.09 [that Mata] paid to the Morenos as partial compliance with the settlement agreement. This leaves a damages of $73.23 owed to [the Morenos] for lost rent.

Pursuant to Chapter 38 of the Texas Civil Practices and Remedies Code, [the Morenos are] Granted Judgment for attorney's fees of $28,115.00 to Morenos for [Mata's] breach[.] The Court therefore finds that the [Morenos] should have and recover from [Mata] in the amount of $73.23. Further, the [Morenos] should have and recover [from Mata] for attorney's fees in the amount of $28,115.00 and should recover all costs of court.

IT IS FURTHER ORDERED that the Counterclaim brought by [Mata] is dismissed with prejudice.

IT IS FURTHER ORDERED that the Lis Pendens filed by [Mata] and against the subject property is hereby removed and rescinded.

IT IS FURTHER ORDERED that a supersedeas Bond shall be set in this case payable in a monthly amount of $900 per month, beginning on [the] 1st day of the first month in which [the Morenos are] authorized to execute on this judgment under Texas Rule of Civil Procedure 627, which

---

2 We note that while the trial court's order states that Mata paid $42,236.09 on the note, Mata's affidavit states that she paid $42,237.09. Due to this discrepancy, the Morenos concede that the trial court's award of $73.23 in damages was erroneous and the amount "should have been $54.23." They request that we modify the judgment to reflect this correction. Given our disposition of this appeal, we deny the Morenos' request to modify the judgment.

shall start on March 1, 2023.

> IT IS FURTHER ORDERED that [the Morenos] are entitled to enforce this judgment through abstract, execution and any other process necessary. This judgment is final, disposes of all claims and parties, and may be appealed.

This appeal ensued.

## II.    TRADITIONAL SUMMARY JUDGMENT

We review the trial court's ruling on a motion for summary judgment de novo. *Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 705 (Tex. 2021); *Barrientos v. Barrientos*, 675 S.W.3d 399, 410 (Tex. App.—Eastland 2023, pet. denied). In a traditional motion for summary judgment, the moving party must show that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." TEX. R. CIV. P. 166a(c); *see Membreno-Hernandez v. Bank of Am., N.A.*, 673 S.W.3d 770, 772 (Tex. App.—Corpus Christi–Edinburg 2023, no pet.). If the movant meets its burden, the burden then shifts to the nonmovant to raise a fact issue on the challenged elements. *See Chavez v. Kan. City S. Ry. Co.*, 520 S.W.3d 898, 900 (Tex. 2017) (per curiam). But if the movant does not satisfy its initial burden, the burden does not shift and the nonmovant need not respond or present any evidence. *Chavez*, 520 S.W.3d at 900; *Amedisys, Inc. v. Kingwood Home Health Care, LLC*, 437 S.W.3d 507, 511 (Tex. 2014); *Faith P. & Charles L. Bybee Found. v. Knutzen*, 681 S.W.3d 818, 833 (Tex. App.—Austin 2023, no pet.). We review the summary judgment record in the light most favorable to the nonmovant and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Eagle Oil & Gas Co.*, 619 S.W.3d at 705; *Armour Pipe Line Co. v. Sandel Energy, Inc.*, 672 S.W.3d 505, 515 (Tex. App.—Houston [14th Dist.] 2023, pet. denied).

8

### III.  JURISDICTION

The Morenos contend that we lack jurisdiction over this matter. They argue that Mata failed to timely file a motion for new trial after the March 29, 2021 judgment, thus Mata's initial notice of appeal to the Fourth Court of Appeals was untimely, "the appellate jurisdiction" of that court "was never invoked," and the "matter should have been dismissed by the Fourth Court at that point." The Morenos thus assert that all actions taken in the case after the March 29, 2021 judgment are void because the trial court lost plenary power thirty days after that judgment was signed.

Generally, appeals may be taken only from final judgments or interlocutory orders for which appeal is authorized by statute. *Indus. Specialists, LLC v. Blanchard Ref. Co.*, 652 S.W.3d 11, 13–14 (Tex. 2022); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see also Sifuentes v. Maka Logistics, LLC*, No. 13-24-00179-CV, 2024 WL 3197477, at *2 (Tex. App.—Corpus Christi–Edinburg June 27, 2024, no pet. h.) (mem. op.). Judgments and orders that do not follow a conventional trial on the merits, such as the summary judgment at issue here, lack a presumption of finality. *In re Lakeside Resort JV, LLC*, 689 S.W.3d 916, 922 (Tex. 2024) (orig. proceeding) (per curiam); *see Lehmann*, 39 S.W.3d at 199. To establish finality for judgments that do not follow a conventional trial, the judgment should either (1) dispose of all remaining parties and claims before the court, or (2) include unequivocal language that expressly disposes of all claims and parties "even if the order does not actually do what it claims to on its face." *In re Lakeside Resort JV, LLC*, 689 S.W.3d at 922; *see Sealy Emergency Room, L.L.C. v. Free Standing Emergency Room Managers of Am., L.L.C.*, 685 S.W.3d 816, 820 (Tex. 2024); *Lehmann*,

9

39 S.W.3d at 200.

The Morenos essentially invite us to revisit the decision by the Fourth Court of Appeals concluding, in essence, that the case was still pending in the trial court. *See generally Mata*, 2022 WL 4362303, at *1. Leaving aside issues regarding the law of the case doctrine and the applicable law regarding transferor courts, we see no reason to do so. The Fourth Court of Appeals determined that the judgment at issue in that appeal was interlocutory because it did not "dispose of a counterclaim asserted in [Mata's] March 24, 2021 first amended answer," the record failed to include a severance order regarding that counterclaim, and the judgment "[did] not state that it dispose[d] of all parties and all claims." *Mata*, 2022 WL 4362303, at *1.

We agree with this analysis of the record and the law. Mata had appealed from a summary judgment rather than a judgment following a conventional trial. Mata's pending counterclaim for usury was not disposed in the March 29, 2021 judgment, there was no severance, and the judgment fails to include any language regarding finality. Thus, the judgment neither disposed of all parties and claims before the court nor included unequivocal language that expressly disposed of all claims and parties. *See In re Lakeside Resort JV, LLC*, 689 S.W.3d at 922; *Sealy Emergency Room, L.L.C.*, 685 S.W.3d at 820; *Lehmann*, 39 S.W.3d at 200. Thus, there was no final, appealable judgment entered until the trial court signed the February 7, 2023 final order that is subject to appeal in this case. Accordingly, we reject the Morenos' contention that this appeal should be dismissed, and we proceed to discuss the merits.

## III.     ANALYSIS

Mata alleges in two issues that the trial court erred in granting summary judgment against her because the Morenos failed to prove the breach and performance elements of their breach of contract claim. In summary, Mata alleges that she did not breach the Rule 11 agreement that is the foundation of the trial court's ruling.

## A.     Rule 11 Agreements

Rule 11 of the Texas Rules of Civil Procedure states that "[u]nless otherwise provided in these rules, no agreement between attorneys or parties touching any suit pending will be enforced unless it be in writing, signed[,] and filed with the papers as part of the record, or unless it be made in open court and entered of record." TEX. R. CIV. P. 11. The purpose of Rule 11 is "to ensure that agreements of counsel affecting the interests of their clients are not left to the fallibility of human recollection and that the agreements themselves do not become sources of controversy." *ExxonMobil Corp. v. Valence Operating Co.*, 174 S.W.3d 303, 309 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). The trial court has a ministerial duty to enforce a valid Rule 11 agreement. *Shamrock Psych. Clinic, P.A. v. Tex. Dep't of Health & Human Servs.*, 540 S.W.3d 553, 560 (Tex. 2018) (per curiam); *In re Marriage of Comstock*, 639 S.W.3d 118, 129 (Tex. App.— Houston [1st Dist.] 2021, no pet.); *Tex. Tax Sols., LLC v. City of El Paso*, 593 S.W.3d 903, 912 (Tex. App.—El Paso 2019, no pet.).

"To be effective, a Rule 11 agreement must consist of 'a written memorandum which is complete within itself in every material detail and which contains all of the essential elements of the agreement.'" *Shamrock Psych. Clinic, P.A.*, 540 S.W.3d at 561

(quoting *Padilla v. LaFrance*, 907 S.W.2d 454, 460 (Tex. 1995)). Essential terms are those that the parties would reasonably regard as vitally important elements of their bargain. *Boozer v. Fischer*, 674 S.W.3d 314, 324 (Tex. 2023); *Kanan v. Plantation Homeowner's Ass'n Inc.*, 407 S.W.3d 320, 330 (Tex. App.—Corpus Christi–Edinburg 2013, no pet.). The terms of the agreement must be sufficiently definite to confirm that the parties intended to be contractually bound and to enable the court to ascertain the parties' obligations under the agreement and to provide an appropriate remedy in the event of a breach. *Fischer v. CTMI, L.L.C.*, 479 S.W.3d 231, 237 (Tex. 2016). "We do not give a Rule 11 agreement greater effect than the parties intended." *Shamrock Psych. Clinic, P.A.*, 540 S.W.3d at 560–61. Thus, a judgment rendered on a Rule 11 agreement must be "in strict or literal compliance" with the terms recited into the record and the trial court cannot remove or add material terms. *Chisholm v. Chisholm*, 209 S.W.3d 96, 98 (Tex. 2006) (per curiam); *see In re Caballero*, 441 S.W.3d 562, 574 (Tex. App.—El Paso 2014, orig. proceeding); *Baylor Coll. of Med. v. Camberg*, 247 S.W.3d 342, 346 (Tex. App.—Houston [14th Dist.] 2008, pet. denied).

Because Rule 11 agreements are "contracts relating to litigation," we construe them as we do contracts. *Shamrock Psych. Clinic, P.A.*, 540 S.W.3d at 560; *Transamerica Corp v. Braes Woods Condo Ass'n, Inc.*, 580 S.W.3d 733, 737 (Tex. App.—Houston [14th Dist.] 2019, no pet.). When we interpret a contract, we begin with the contract's express language. *Nettye Engler Energy, LP v. BlueStone Nat. Res. II, LLC*, 639 S.W.3d 682, 689 (Tex. 2022); *Nooner Holdings, Ltd. v. Abilene Vill., LLC*, 668 S.W.3d 956, 969–70 (Tex. App.—Eastland 2023, pet. denied). Our primary objective is to ascertain and give effect

to the parties' intent as objectively expressed in the agreement. *U.S. Polyco, Inc. v. Tex. Cent. Bus. Lines Corp.*, 681 S.W.3d 383, 387 (Tex. 2023) (per curiam). In this regard, the supreme court has "long held that courts will not rewrite agreements to insert provisions parties could have included or to imply restraints for which they have not bargained." *Tenneco Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 646 (Tex. 1996); *see Echols Mins., LLC v. Green, Tr. of Donald & Betty Lou Irrevocable Tr.*, 675 S.W.3d 344, 351 (Tex. App.—Eastland 2023, no pet.).

## B.      Breach of Contract

In order to prevail on a breach of contract claim, a party is required to plead and present proof that (1) a valid contract exists; (2) the plaintiff performed or tendered performance as contractually required; (3) the defendant breached the contract by failing to perform or tender performance as contractually required; and (4) the plaintiff sustained damages due to the breach. *Pathfinder Oil & Gas, Inc. v. Great W. Drilling, Ltd.*, 574 S.W.3d 882, 890 (Tex. 2019); *Plan B Holdings, LLC v. RSLLP*, 681 S.W.3d 443, 452 (Tex. App.—Austin 2023, no pet.); *Nooner Holdings, Ltd.*, 668 S.W.3d at 969. A breach occurs when a party fails or refuses to do something that they have promised to do under the terms of the parties' contract. *Valley Forge, Inc. v. CK Constr., Inc.*, 677 S.W.3d 127, 134 (Tex. App.—El Paso 2023, no pet.); *W. Loop Hosp., LLC v. Hous. Galleria Lodging Assocs.*, 649 S.W.3d 461, 491 (Tex. App.—Houston [1st Dist.] 2022, pet. denied). "Whether a party has breached a contract is a question of law for the court . . . when the facts of the parties' conduct are undisputed or conclusively established." *Grohman v. Kahlig*, 318 S.W.3d 882, 887 (Tex. 2010) (per curiam); *see RSL-3B-IL, Ltd. v. Prudential*

13

*Ins. Co. of Am.*, 470 S.W.3d 131, 137 (Tex. App.—Houston [1st Dist.] 2015, pet. denied).

## C. Analysis

As stated previously, the trial court concluded that Mata paid $30,000 of the settlement agreement and $42,236.09[3] in compliance with the Rule 11 agreement. However, the trial court further found that the Morenos had no duty to convey the property to Mata "due to the breach of the Rule 11 [a]greement," that Mata "did not comply with the agreement by making rent payments into the registry of the Court in the amount of $2,700 and turning those payments over to [the Morenos] as part of the settlement," and that the Morenos "had to pay $7,337.87 to Wilson County for taxes on the subject property when such obligation should have been paid by [Mata]."

In sum, the trial court concluded that Mata breached the agreement by failing to make rent payments totaling $2,700 and failing to pay for the property taxes. However, the terms of the Rule 11 agreement do not encompass either obligation. First, the Rule 11 agreement contains no language, express or implied, pertaining to the payment of property taxes or the amount thereof. Second, the Rule 11 agreement, dated March 15, 2018, states that, "On April 1, 2018, [Mata] will be under no further obligation to make payments into the registry of the Court." While we can ascertain from this language that Mata had previously been under an obligation to make payments into the registry of a court, the Rule 11 agreement contains no other provision regarding these payments, including the amount of the payments, the frequency of the payments, the dates that the payments were due, or the identity of the court into which the payments were to be made.

---

[3] See our footnote, *supra*, regarding this amount.

Further, the agreement did not incorporate or otherwise reference any documents from which these matters could be ascertained.

We conclude that the Morenos have failed to meet their burden to show that they are entitled to judgment as a matter of law on their claims for breach. *See* TEX. R. CIV. P. 166a(c); *Chavez*, 520 S.W.3d at 900. In this regard, the terms of the Rule 11 agreement do not establish the requirements to pay the additional rental payments or property taxes or that Mata agreed to be bound to make those payments. *See Fischer*, 479 S.W.3d at 237. Further, examining the specific facts and circumstances of this case, these terms requiring payment obligations were essential or material to the Rule 11 agreement. *See, e.g.*, *Padilla*, 907 S.W.2d at 460–61 (noting that the material terms of a Rule 11 settlement agreement included the payment and the release of claims); *Fuller v. Wholesale Elec. Supply Co. of Hous., Inc.*, 631 S.W.3d 177, 184 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) (concluding that the timing of a payment was a material and essential term for an agreement); *Am. Fisheries, Inc. v. Nat'l Honey, Inc.*, 585 S.W.3d 491, 504 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) (stating that the essential terms for an agreement include the payment of money for the performance of some act).

Based on the foregoing, we agree with Mata that the Morenos failed to meet their burden to show that they are entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c); *Chavez*, 520 S.W.3d at 900; *UpCurve Energy Partners v. Muench*, 661 S.W.3d 907, 917 (Tex. App.—El Paso 2023, no pet.). Accordingly, we sustain Mata's issues.

15

### IV. CONCLUSION

We reverse the trial court's February 7, 2023 final order and we remand this case to the trial court for further proceedings consistent with this memorandum opinion.

CLARISSA SILVA
Justice

Delivered and filed on the
22nd day of August, 2024.