

# NUMBER 13-23-00352-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

BELINDA DE LA FUENTE LONGORIA
AND ROSS A. LONGORIA SR.,                          Appellants,

v.

GERARDO GARCIA,                                      Appellee.

## ON APPEAL FROM THE 28TH DISTRICT COURT
## OF NUECES COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Fonseca
Memorandum Opinion by Chief Justice Tijerina**

Appellants Belinda De La Fuente Longoria and Ross A. Longoria Sr. appeal the trial court's summary judgment in favor of appellee Gerardo Garcia. By two issues, appellants argue summary judgment was erroneous because: (1) opposing counsel failed

to give proper notice of a hearing pursuant to Texas Rules of Civil Procedure 166a(c); and (2) Garcia did not establish his entitlement to judgment as a matter of law. We affirm.

## I.    BACKGROUND

Garcia is the son of Francisco Garcia, and Francisco was married to Lucila Garcia. Francisco and Lucila were divorced in 2017, and the divorce decree provided that their real property located in Robstown be sold with the proceeds divided equally between them.

In May 2018, Francisco and Lucila entered a contract to sell the property to Garcia. Garcia paid $500 as earnest money to Nueces Title Company to facilitate this transaction. In September 2018, the divorce court appointed Francisco as "the receiver in charge of selling the property in question to [Garcia] for $40,000" and to distribute the proceeds from the sale to Garcia. According to Garcia, in reliance of the divorce court's order, he took possession of the property and made improvements on it.

According to Garcia, Francisco demanded that he vacate the premises in July 2018. Garcia alleged that Belinda Longoria had power of attorney over Francisco at the time and that Francisco made this demand at Belinda's "request" and "command."

On November 16, 2019, Lucila sold her interest in the property to appellants for the sum of $20,000. Appellants took possession of the property and demanded that Garcia vacate it. Thereafter, Francisco gifted his interest in the property to Garcia.

On March 31, 2020, Garcia sued appellants for interference with an existing contract and civil conspiracy, and he sought declaratory judgment and equitable relief,

2

including an order compelling appellants to sell their interest in the property to him.[1] On July 8, 2022, Garcia filed a traditional motion for partial summary judgment, asserting he was entitled to summary judgment because appellants willfully interfered with his contract. Garcia asserted he tendered an escrow deposit, received his loan to pay for the property, attended the closing for the sale, and tendered a check for it. Garcia claimed that appellants obtained a copy of his contract with Lucila and Francisco, obtained documents regarding the sale of the closing, and attended the trial court hearing where Francisco was appointed the receiver to sell the property. As evidence, Garcia attached his affidavit; the contract between Garcia, Francisco, and Lucila; a specialty warranty deed of Lucila's conveyance of her one-half interest in the property to appellants; Francisco's gift deed; Garcia's attorney's affidavit wherein the attorney stated he personally informed appellants about Garcia's contract for sale; the divorce decree ordering the property to be sold; the trial court's order ordering the property to be sold to Garcia; and certified mail to appellants informing them the property was to be sold.

On November 8, 2022, the trial court granted partial summary judgment. The order found that appellants interfered with the contract. On March 6, 2023, Garcia filed a second motion for partial summary judgment, asserting he was entitled to damages for loss of use of the property. As evidence, he attached his affidavit and photos demonstrating that appellants have possessed the property for fifty-three months and denied him use; photos of work being performed on the property; and an affidavit from Alan Querido opining on

_____

[1] Garcia's petition also named Francisco and Lucila as defendants, and it raised various causes of action against them including breach of contract and fraud. Those claims were dismissed in the trial court's final judgment. Neither Francisco nor Lucila are parties to this appeal.

the market value of the property and cost to remove debris from the property. The record contains a notice of a hearing on the motion for May 10, 2023; the notice includes a certificate of service indicating that it was faxed to appellants' counsel and a certificate of e-service indicating that it was emailed to appellants' counsel. Appellants did not respond to the motion. The trial court granted Garcia's second motion for partial summary judgment on May 17, 2023, and it rendered a "final order" on that date awarding Garcia all relief requested in his petition.

On May 22, 2023, appellants filed a motion to set aside the trial court's judgment on grounds that they had no notice of the hearing. According to appellants, although Garcia "faxed" their counsel notice of hearing, counsel's "fax machine had been disconnected," and his e-mail account did not "indicate receipt of any e-mail from Plaintiff on that date." Garcia responded, asserting the certificate of service demonstrates he served appellant's counsel via his personal e-mail address, he served appellants at the e-mail address designated in the e-filing system, and he faxed notice to appellants' counsel. Garcia attached exhibits containing e-mail correspondence and e-service notifications of delivery to counsel's designated e-mail address. According to Garcia, none of the notices were returned as undeliverable, and the trial court verified at the hearing that notice was properly served.

The trial court did not rule on appellants' motion to set aside the summary judgment, which was overruled by operation of law. This appeal followed.

4

## II.    SUMMARY JUDGMENT NOTICE

By their first issue, appellants argue that the trial court should have vacated its final order granting Garcia's second motion for partial summary judgment because Garcia failed to give them proper notice of the summary judgment hearing pursuant to Texas Rules of Civil Procedure 166a(e).

## A.    Applicable Law

We review a trial court's ruling on a motion to reconsider a summary judgment for an abuse of discretion. *Tex. Petroleum Land Mgmt., LLC v. McMillan*, 641 S.W.3d 831, 850 (Tex. App.—Eastland 2022, no pet.) (citing *Macy v. Waste Mgmt., Inc.*, 294 S.W.3d 638, 651 (Tex. App.—Houston [1st Dist.] 2009, pet. denied)). A trial court abuses its discretion if it acts without reference to guiding rules or principles. *Id.*

The right to summary judgment exists only when the requirements of Rule 166a are satisfied. *See Tanksley v. CitiCapital Com. Corp.*, 145 S.W.3d 760, 763 (Tex. App.—Dallas 2004, pet. denied). We strictly construe the notice requirements of the rules of civil procedure because "[n]otice of hearing for submission of a summary-judgment motion is mandatory and essential to due process." *Ready v. Alpha Bldg. Corp.*, 467 S.W.3d 580, 584 (Tex. App.—Houston [1st Dist.] 2015, no pet.); *Etheredge v. Hidden Valley Airpark Ass'n, Inc.*, 169 S.W.3d 378, 381 (Tex. App.—Fort Worth 2005, pet. denied); *see also Galvin v. Wendel*, No. 13-23-00469-CV, 2024 WL 3980690, at *2 (Tex. App.—Corpus Christi–Edinburg Aug. 29, 2024, no pet.) (mem. op.). "Except on leave of court, with notice to opposing counsel, the [summary judgment] motion and any supporting affidavits shall

be filed and served at least twenty-one days before the time specified for hearing." TEX. R. CIV. P. 166a(e).

"A certificate by a party or an attorney of record, or the return of the officer, or the affidavit of any other person showing service of a notice shall be prima facie evidence of the fact of service." TEX. R. CIV. P. R. 21a(e). "A document filed electronically under Rule 21 must be served electronically through the electronic filing manager if the email address of the party or attorney to be served is on file with the electronic filing manager." *Id.* R. 21a(a)(1). "Electronic service is complete on transmission of the document to the serving party's electronic filing service provider. The electronic filing manager will send confirmation of service to the serving party." *Id.* R. 21a(b)(3).

"[N]otice properly sent pursuant to Rule 21a raises a presumption that notice was received." *Mathis v. Lockwood*, 166 S.W.3d 743, 745 (Tex. 2005). However, "we cannot presume that notice was properly sent; when that is challenged, it must be proved according to the rule." *Id.*

**B.   Discussion**

Here, the record provides that Garcia used the e-filing system to serve appellants. Each filing includes a certificate of service confirming that appellants were served in accordance with Rule 21a of the rules of civil procedure as well as an "Automated Certificate of Service" from the e-filing system indicating that the notice was sent to appellant's counsel at counsel's e-mail address on file with the electronic filing manager. *Id.*; *see also Galvin*, 2024 WL 3980690, at *2. Accordingly, appellants had the burden to rebut the presumption of service by presenting evidence that they did not receive the

6

motions and notice. *See* TEX. R. CIV. P. 21a(e); *Mathis*, 166 S.W.3d at 745 (noting that when the prerequisites for prima facie proof of service are met, courts indulge a presumption that appellants received the notice that was sent).

Appellants filed a motion to set aside the summary judgment claiming that counsel's "fax machine had been disconnected"; that his "e-mail account did not indicate receipt" of an e-mail from Garcia; and appellants "did not receive notice of this filing" through the e-filing system. However, appellants presented no evidence, by affidavit or otherwise, that they did not receive the notice at the e-mail address on file with the electronic filing manager. *See* TEX. R. CIV. P. 21a(e); *Galvin*, 2024 WL 3980690, at *3 (finding that appellant provided "no evidence, by affidavit or otherwise, that she did not receive the motions at the email address on file with the electronic filing manager"). This is precisely what Rule 21a was designed to avoid. *See Echartea v. Flores*, 691 S.W.3d 774, 780 (Tex. App.—Houston [14th Dist.] 2024, pet. filed) ("Rule 21a was designed to avoid confusion and disputes over service, including disputes over whether service was sent to the correct email address."); *see also Kuntze v. Hall*, No. 10-12-00087-CV, 2012 WL 5193226, at *8 n.7 (Tex. App.—Waco Oct. 18, 2012, pet. denied) (mem. op.) (rejecting appellant's argument that summary judgment was improper due to lack of sufficient notice because appellee's certificate of service created presumption that notice was received and appellant failed to tender evidence which would rebut presumption). Because appellants did not present evidence that they did not receive the summary judgment motions, they failed to rebut the presumption of service. *See* TEX. R. CIV. P.

21a(e). Therefore, the trial court did not abuse its discretion by denying appellants' motion to set aside the summary judgment. We overrule appellants' first issue.

### III.   SUMMARY JUDGMENT

By their second issue, appellants argue Garcia did not establish his entitlement to summary judgment as a matter of law.

## A.   Standard of Review & Applicable Law

We review the trial court's ruling on a motion for summary judgment de novo. *Eagle Oil & Gas Co. v. TRO-X, L.P.*, 619 S.W.3d 699, 705 (Tex. 2021); *Barrientos v. Barrientos*, 675 S.W.3d 399, 410 (Tex. App.—Eastland 2023, pet. denied). The moving party must initially show that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." TEX. R. CIV. P. 166a(c); *see Membreno-Hernandez v. Bank of Am., N.A.*, 673 S.W.3d 770, 772 (Tex. App.—Corpus Christi–Edinburg 2023, no pet.). If the movant meets its initial burden, the burden then shifts to the nonmovant to raise a fact issue. *See Chavez v. Kan. City S. Ry. Co.*, 520 S.W.3d 898, 900 (Tex. 2017) (per curiam). But if the movant does not satisfy its initial burden, the burden does not shift and the nonmovant need not respond or present any evidence. *Id.* We review the summary judgment record in the light most favorable to the nonmovant and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Eagle Oil & Gas Co.*, 619 S.W.3d at 705.

"[A]n injury to real property is considered temporary if (a) it can be repaired, fixed, or restored, and (b) any anticipated recurrence would be only occasional, irregular, intermittent, and not reasonably predictable, such that future injury could not be estimated

with reasonable certainty." *Gilbert Wheeler, Inc. v. Enbridge Pipelines (E. Tex.), L.P.*, 449 S.W.3d 474, 480 (Tex. 2014). "[T]he general rule in cases involving injury to real property is that the proper measure of damages is the cost to restore or replace, plus loss of use for temporary injury." *Id.* at 481. "Legal damages available for a temporary interference with the use and enjoyment of land can be calculated as loss of rental value . . . or use value [] or possibly the cost of restoring the land." *Huynh v. Blanchard*, 694 S.W.3d 648, 685 (Tex. 2024) (cleaned up) (quotation omitted); *see also Mullendore v. Muehlstein*, 441 S.W.3d 426, 429 (Tex. App.—El Paso 2014, pet. denied) (holding that the "proper measure of damages for a temporary injury to real property is the amount necessary to place the owner of the property in the same position he occupied prior to the injury").

## C.    Discussion

In his second motion for partial summary judgment, Garcia claimed that he was entitled to damages for the loss of use of the property. Because appellants did not reply to the motion, the only question before us is whether Garcia established his entitlement to loss-of-use damages as a matter of law. TEX. R. CIV. P. 166a(c).

In his affidavit, Garcia claimed that when he had possession of the property, he made several repairs to it, including installing concrete and repairing the roof. He stated that he hired a contractor to make substantial repairs, and he attached several photos demonstrating these improvements and the repairs he performed. Garcia claimed he hired contractors and expended funds in the amount of $23,626.53. Garcia further stated that he vacated the property in November 2019 after appellants took possession of it and "made a mess." Garcia added that appellants were responsible for the mess and attached

9

photos from February 2023 depicting the property in its then-current state while appellants were in possession of the property. In the photos, the property is covered with debris, brush, abandoned bulky items, large broken fences, several abandoned vehicles, chickens, pieces of wood, trash, and several wood pallets, among other items. According to Garcia, he lost use of property from July 2018 to the present due to appellants' wrongful possession.[2] *See Lakeside Vill. Homeowners Ass'n v. Belanger*, 545 S.W.3d 15, 43 (Tex. App.—El Paso 2017, pet. denied) ("The usual measure of damages for loss of use of injured property is the reasonable cost of renting a replacement, although the plaintiff need not actually rent a substitute or show any amounts actually expended during the period of loss in order to recovery.").

Garcia further attached Querido's affidavit wherein he affied he had over forty years of experience in buying, selling, and renting properties in Robstown and has bought and sold over 100 homes. Currently, Querido has fifteen rental homes in Robstown, and he is familiar with the rental value of homes in the area. Querido opined that this property would have rented for at least $800–$1,000 per month.[3] *Lakeside Vill.*, 545 S.W.3d at 43 ("Loss of rentals is an appropriate measure of damages for the temporary loss of use of land."); *see also Cessna Aircraft Co. v. Aircraft Network, L.L.C.*, 213 S.W.3d 455, 465 (Tex. App.—Dallas 2006, pet. denied) ("The usual measure of damages for loss of use of injured property is the reasonable cost of renting a replacement."). Additionally, he stated

---

[2] Garcia's entitlement to the property was not in dispute. Nonetheless, Garcia attached the trial court's previous orders establishing his entitlement to the property.

[3] Querido based his opinion on the dimensions of the home, the Nueces County Tax Appraisal system, reviewing property records, and accessing the property himself.

that the expenses related to restoring the property, removing garbage, and removing abandoned vehicles for the purposes of renting and selling the home would have been at least $5,000. *See Muehlstein*, 441 S.W.3d at 429.

The trial court thereafter granted summary judgment and loss-of-use damages in the amount of $48,200, which included lost rent in the amount of $800 per month for fifty-four months plus $5,000 to clean up the debris. On appeal, appellants assert that there are numerous factual disputes generated by Garcia's affidavit. However, appellants did not respond to Garcia's summary judgment motion and did not present any evidence refuting Garcia's summary judgment evidence; instead, they claim that they "were prevented from producing their evidence to shield them from liability because their counsel did not receive proper notice." [4] Because Garcia provided evidence demonstrating that he is entitled to judgment as a matter of law, *see* TEX. R. CIV. P. 166a(c), and appellants did not present any evidence refuting Garcia's evidence, *see* *Membreno-Hernandez*, 673 S.W.3d at 772, we conclude the trial court did not err in granting Garcia's second motion for partial summary judgment. We overrule appellants' second issue.

## IV.    CONCLUSION

We affirm the judgment of the trial court.

JAIME TIJERINA
Chief Justice

Delivered and filed on the
13th day of February, 2025.

---

[4] We note that Garcia did not present any evidence in his motion to set aside the summary judgment.

11